'S OFFICE
CT COURT, E.D.N.Y.

★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JOSE FERNANDEZ MUNOZ,[1]

                Petitioner,

      -against-

JOHN BURGE, Superintendent,
Auburn Correctional Facility,

            Respondent.

------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
02 CV-6198 (NGG) (LB)

**BLOOM**, United States Magistrate Judge:

The Honorable Nicholas G. Garaufis, United States District Judge, referred this petition

seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to the undersigned for a Report and

Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, it is

respectfully recommended that the petition should be denied.

## BACKGROUND

### I. Facts

According to the testimony adduced at trial, on November 10, 1997, Jan Grzyb ("Grzyb")

and his friend Jarek Wiatr left the apartment at 524 40th Street in Brooklyn that Grzyb shares

with his mother to get something to eat. T at 453.[2] When they returned to the building fifteen

minutes later, they saw petitioner, whom they had never met before, leaving the building with a

jacket that belonged to Grzyb and a coat and leather jacket that belonged to Grzyb's mother. T at

---

[1] Petitioner is also known as Jose Fernandez and Jose Munoz.

[2] T__ refers to pages of the trial transcript.

1

454, 459. Grzyb asked what petitioner was doing there and petitioner did not respond. T at 454, 499, 523. Grzyb stopped petitioner, a scuffle ensued and Grzyb's hand was cut by a screwdriver found nearby. T at 457. Grzyb held petitioner until the police came. T at 471. Grzyb's mother's watch, a chain and five single dollar bills were found in the pockets of the coat petitioner was carrying. T at 360, 383. Grzyb's apartment was ransacked, the window gate bent, and the lock on the window gate was broken. T at 483.

Petitioner was charged with three counts of Burglary in the Second Degree, Assault in the Second Degree, Criminal Possession of Stolen Property in the Fourth Degree, Criminal Possession of a Weapon in the Fourth Degree, and Possession of Burglar Tools. Following, a jury trial, in Supreme Court, Kings County, petitioner was convicted of Burglary in the Second Degree. See People v. Fernandez, 286 A.D.2d 444, 730 N.Y.S.2d 234 (2d Dept. 2001). On August 31, 1998, petitioner was sentenced as a predicate felon, to a prison term of fifteen years.

## II. Procedural History

### A. Direct Appeal

Petitioner, appealed his conviction to the Appellate Division, Second Department and argued that: (1) comments made by the prosecutor violated petitioner's right to a fair trial; and (2) that the jury charge was improper. (Brief for Defendant-Appellant at 11-20).

By opinion dated August 20, 2001, the Appellate Division affirmed petitioner's conviction holding:

> The defendant's claim that the prosecutor's allegedly improper comments during summation constituted reversible error is, for the most part, not preserved for appellate review (see, CPL 470.05[2]; People v. Tonge, 93 N.Y.2d 838, 688 N.Y.S.2d 88, 710 N.E.2d 653; People v. Scotti, 220 A.D.2d 543, 632 N.Y.S.2d 209). In any event, the comments and conduct did not exceed permissible rhetoric, were properly responsive to the defendant's summation, and

2

were a fair comment on the evidence (see, People v. Galloway, 54 N.Y.2d 396, 399, 446 N.Y.S.2d 9, 430 N.E.2d 885; People v. Guerrero, 250 A.D.2d 703, 672 N.Y.S.2d 763; People v. Gamble, 215 A.D.2d 584, 627 N.Y.S.2d 945). The defendant's claim of error concerning the jury charge on recent and exclusive possession is not preserved for appellate review. In any event, the charge was properly balanced and did not convey an opinion as to the defendant's guilt or innocence (see, People v. Ladd, 89 N.Y.2d 893, 895-896, 653 N.Y.S.2d 259, 675 N.E.2d 1211).

People v. Fernandez, 286 A.D.2d 444, 730 N.Y.S.2d 234 (2d Dept. 2001). On December 19, 2001, the New York Court of Appeals denied petitioner leave to appeal. People v. Fernandez, 97 N.Y.2d 681 (2001).

## B. Habeas Petition

Petitioner, proceeding *pro se*, filed the instant habeas petition on November 11, 2002, and argues: (1) that he was denied the effective assistance of trial counsel as counsel failed to raise that he was mentally incompetent to stand trial; (2) that he was denied the effective assistance of appellate counsel; (3) that he was denied the right to a fundamentally fair trial because the jury was not allowed to consider the lesser included offense of Criminal Trespass; and (4) and that the evidence presented at trial was legally insufficient to convict him.

### 1. Procedural History

Petitioner admitted that these grounds were not presented to the state court "due to the misrepresentation of counsel on direct appeal." Petition at 6, ¶ 13. By affidavit dated January 31, 2003, respondent argued that the petition should be dismissed because petitioner failed to exhaust these claims in state court. By order dated March 5, 2003, I declined to dismiss the petition and granted a stay of the proceedings to allow petitioner to return to state court to exhaust his claims. See Order dated March 5, 2003. Although respondent objected to the stay,

3

the Court administratively closed the instant action. By order dated March 18, 2003, I directed respondent to inform the Court in writing by April 21, 2003, whether petitioner had filed a motion challenging his conviction in state court; respondent informed the Court that petitioner had filed a motion to vacate judgment pursuant to New York Criminal Law § 440.10 ("440 motion") in state court.

### C.  440.10 Motion

On March 18, 2003, petitioner filed a 440 motion raising: (1) that he was not given the psychiatric examination that the court allegedly ordered under Criminal Procedure Law § 730; and (2) ineffective assistance of trial counsel for failing to move to dismiss the indictment on the ground of legally insufficient evidence. See 440 motion, annexed to habeas petition as Respondent's Exhibit H.  On April 29, 2003, petitioner's 440 motion was denied as without merit. See People v. Fernandez, Ind. No. 12082/1997, slip op. at 1 (Sup. Ct. Kings County, April 29, 2003), annexed to habeas petition as Respondent's Exhibit J. On January 7, 2004, leave to appeal the 440 motion was denied. See People v. Fernandez, Ind. No. 12082/1997, slip op. at 1 (2d Dept. 2004), annexed to habeas petition as Respondent's Exhibit J (2d).

### D. Writ of Error Coram Nobis

On April 2, 2004, pro bono counsel filed an application for a writ of error coram nobis, on petitioner's behalf alleging ineffective assistance of appellate counsel.[3] Petitioner argues that appellate counsel should have raised the following issues on appeal: (1) that the trial court improperly handled jury deliberations; (2) that the trial court refused petitioner's request to submit the lesser included offense of Criminal Trespass to the jury; and (3) the trial court

---

[3] Upon the Court's request, on October 29, 2004, Ursula Bentele, Professor of Law at Brooklyn Law School Legal Services Corp., ("BLS") filed a notice of appearance on petitioner's behalf. The Court gratefully acknowledges the excellent work done by BLS in this case.

improperly allowed the introduction of petitioner's pre-arrest silence and the prosecutor's comments on it into evidence. See Writ of Error Coram Nobis, annexed to habeas petition as Respondent's Exhibit K.

On October 18, 2004, the Appellate Division, Second Department citing to Jones v Barnes, 463 U.S. 745 (1983) and People v Stultz, 2 NY.3d 277 (2004), denied the writ of error coram nobis. See People v. Fernandez, 11 A.D.3d 633 (2d Dept. 2004). On March 31, 2005, the New York Court of Appeals denied petitioner leave to appeal. See Certificate Denying Leave, annexed to habeas petition as Respondent's Exhibit R.

### E. Supplemental Habeas Petition

On May 3, 2005, I restored the instant action to the court's active docket. On May 31, 2005, petitioner's counsel filed a supplemental memorandum of law in support of the petition and requested permission to amend the petition to include a claim of ineffective assistance of appellate counsel based on the claims that had been raised in petitioner's writ of error coram nobis. On August 1, 2005, respondent submitted opposition papers, and on August 22, 2005, petitioner's counsel submitted a reply.

### 1. Motion to Amend

Respondent argues that petitioner's motion to amend the petition to include the ineffective assistance of appellate counsel should be denied because the motion was filed after the limitations period had expired, and that the claim does not relate back to the original petition. See Respondent's Supplemental Affidavit In Opposition, dated August 1, 2005. This Court disagrees and grants petitioner's motion to amend for the following reasons.

The standard governing a motion to amend a habeas petition is found in Rule 15 of the Federal Rules of Civil Procedure which provides that "leave to amend shall be freely given when

5

justice so requires." Littlejohn v. Artuz, 271 F.3d 360, 362 (2d Cir. 2001). However, where the statute of limitations has run on the underlying claim, Rule 15(c) requires that an amendment to a habeas corpus petition must relate back to the original petition in order to be deemed timely. Fama v. Commissioner of Correctional Services, 235 F.3d 804, 815 (2d Cir. 2000).

"[P]leading amendments relate back to the date of the original pleading when the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" Mayle v. Felix, 545 U.S. 644, 125 S.Ct. 2562, 2570 (2005); see also King v. Phillips, No. 03 CV 6073, 2006 WL 3358996 (E.D.N.Y. Oct. 3, 2006); Porter v. Greiner, No. 00 CV 6047, 2005 WL 3344828, at *9 (E.D.N.Y. Nov. 18, 2005). The United States Supreme Court has held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 125 S.Ct. at 2566.

Petitioner's original habeas petition argued, *inter alia*, that his appellate counsel was ineffective for failing "to argue the facts that pretained [sic] to the case." See Petition at 5, ¶ B. In Serrano v. Burge, No. 03 Civ. 8639, 2005 WL 2063765, at *4 (S.D.N.Y. Aug. 22, 2005), the Court, applying Mayle, found relation back proper. There, the original habeas petition contained claims based on the allegedly improper admission of evidence and prosecutorial misconduct. Id. The ineffective assistance of counsel claim for which petitioner sought relation back was based on appellate counsel's failure to raise those factual allegations as arguments on direct appeal. Id. Thus, the Court found that "[a]lthough the ineffective assistance claim was based on a new theory of relief, it [arose] from the same facts as the original habeas petition," and relation back

6

applied. Id.

Petitioner's ineffective assistance of appellate counsel claim presented in the proposed amended complaint merely amplifies the claim presented in his original petition. The original petition contains the essential factual predicates of the amplified claim. Accordingly, the original petition gives respondent fair notice of the ineffective assistance of appellate counsel claim now asserted, and the original and amended petitions state claims that are tied to a common core of operative facts. Mayle,125 S.Ct. at 2574 ("So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."). Accordingly, petitioner's motion to amend is granted and the ineffective assistance of appellate counsel claim as amended will be addressed on the merits.

## DISCUSSION

### I. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, once a state court has adjudicated a petitioner's claim on the merits, a federal court may not grant a habeas petition on that claim unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1); See Mask v. McGinnis, 252 F.3d 85, 90 (2d Cir. 2001) (holding that the phrase federal law refers only to "clearly established Supreme Court precedent").

Clearly established Federal law is comprised of "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." Green v. Travis, 414 F.3d 288, 296 (2d Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 412

(2000)). A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Earley v. Murray, 451 F.3d 71, 74 (2d Cir. 2006). A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Id; see also Earley, 451 F.3d at 74.

AEDPA establishes a deferential standard of review: "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Gilchrist v. O'Keefe, 260 F.3d 87, 93 (2d Cir. 2001) (quoting Williams, 529 U.S. at 411). The Second Circuit has noted that although "[s]ome increment of incorrectness beyond error is required ⋯ the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Gilchrist, 260 F.3d at 93 (quoting Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000)); accord Earley, 451 F.3d at 74.

When reviewing a habeas petition, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; see also Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam); Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 277 (2d Cir. 2003). Federal habeas corpus relief does not lie for errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); DiGuglielmo v. Smith, 366 F.3d 130, 136-

37 (2d Cir. 2004).

Furthermore, as long as the state court disposes of the federal claim on the merits and reduces its disposition to judgment, the deference demanded of a federal habeas court by § 2254(d)(1) applies "even if the state court does not explicitly refer to either the federal claim or to relevant federal case law." Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001); see Ryan v. Miller, 303 F.3d 231, 245-46 (2d Cir. 2002).

## II. Exhaustion

A federal court may not grant a writ of habeas corpus unless a petitioner has exhausted his remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). A petitioner exhausts his state-court remedies by fairly presenting each federal claim for relief to the highest state court capable of review. See, e.g., Baldwin v. Reese, 541 U.S. 27 (2004); Jackson v. Edwards, 404 F.3d 612, 618 (2d Cir. 2005) ( to be eligible for habeas relief, the substance of claim must have been fairly presented to the state appellate court); Fama v. Com'r of Corr. Servs., 235 F.3d 804, 808-09 (2d Cir. 2000). Such fair presentation to the state court requires that the petitioner assert the same legal theory and premise it on essentially the same body of facts as he invokes in the federal court. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Volpe v. Downstate Correctional Facility, No. 06 CV 6181, 2006 WL 3498580, at *1 (E.D.N.Y. Nov. 30, 2006).

If a claim is not fairly presented to the state court, the habeas court will nonetheless deem it exhausted if there is "an absence of available State corrective process under § 2254(b)(1)(B)(i)" because "it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001). When a petitioner "fail[s] to exhaust state remedies, 'and the court to

which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted." Id. (quoting Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991)).

Petitioner's original habeas petition alleged four grounds for relief: (1) that petitioner was denied the effective assistance of trial counsel as counsel failed to raise that petitioner was mentally incompetent to stand trial; (2) that petitioner was denied effective assistance of appellate counsel; (3) that he was denied a fundamentally fair trial because the jury was not allowed to consider the lesser included offense of Criminal Trespass; and (4) that the evidence presented at trial was legally insufficient to sustain his conviction. All four of these claims were unexhausted when the petition was filed. This Court stayed the action and afforded petitioner the opportunity to exhaust these claims.

Respondent argues these four claims are still unexhausted, and alternatively, that to the extent these claims are exhausted, petitioner has abandoned these claims. See Supplemental Affidavit in Opposition to Writ of Habeas Corpus at 3 n.1. Although, the supplemental petition addresses only the ineffective assistance of appellate counsel claim, the Court disagrees that petitioner has abandoned the claims presented in his original petition. Channer v. Department of Homeland Sec. 406 F.Supp.2d 204, 208 (D.Conn. 2005) (ordinarily, a supplemental pleading does not replace the original pleading).

However, the Court finds the following claims are unexhausted: (1) that petitioner was denied the effective assistance of trial counsel as counsel failed to raise that petitioner was incompetent to stand trial; (2) that petitioner was denied a fundamentally fair trial because the

10

jury was not allowed to consider the lesser included offense of Criminal Trespass; and (3) insufficiency of the evidence. Thus, the petition is a mixed petition.

"A district court confronted with a mixed petition can offer the petitioner the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims." Pratt v. Greiner, 306 F.3d 1190, 1196-97 (2d Cir. 2002) (quotations and citations omitted). Here, petitioner has already returned to state court to file both a 440 motion and a writ of error coram nobis. Under 28 U.S.C. § § 2254(b)(2) a district court may deny a petition on the merits even if it contains an unexhausted claim.[4] Pratt, 306 F.3d at 1197; accord Jones v. Fischer, No. 05 CV 24, 2006 WL 2583206, at *3 (E.D.N.Y. Sept. 6, 2006). Accordingly, although the petition is mixed, the Court need not afford petitioner the choice of returning to state court or amending the petition to delete the unexhausted claim as these claims may be denied on the merits under 28 U.S.C. § 2254 (b)(2).

## III. Petitioner's Claims

### A. Ineffective Assistance of Trial Counsel

A petitioner attacking his conviction based on the ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-89, 693-95 (1984).

In analyzing a claim that counsel's performance fell short of constitutional standards, the

---

[4] 28 U.S.C. § 2254(b)(2) provides, "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the Courts of the State."

court "must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ' Id. (quoting Strickland, 466 U.S. at 689). Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. Strickland, 466 U.S. at 690-91.

Moreover, "[i]n assessing the attorney's performance, a reviewing court must judge his conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct, and may not use hindsight to second-guess his strategy choices.'" Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 690). Thus, a petitioner cannot prevail on a claim of ineffective assistance merely because he disagrees with his counsel's strategy. See Strickland, 466 U.S. at 689.

The original habeas petition alleged that trial counsel was ineffective based on counsel's failure to raise that petitioner was incompetent to stand trial. Petitioner failed to exhaust this claim when he returned to state court. In petitioner's 440 motion, he raised two claims: (1) that he was not given the psychiatric examination that the court allegedly ordered under Criminal Procedure Law § 730; and (2) that he was denied the effective assistance of trial counsel because counsel failed to move to dismiss based on sufficiency of the evidence. See 440 motion, annexed to habeas petition as Respondent's Exhibit H. Petitioner raised the claim that he was not given the court ordered psychiatric evaluation as a separate claim, unrelated to trial counsel's effectiveness. Therefore, he failed to exhaust this as an ineffective assistance claim.

The 440 motion court held:

12

[Petitioner's] motion simply has no merit. [Petitioner's] mental status was never at issue and no court ever ordered that he be examined to determine his fitness to proceed. His claims to the contrary are not supported by the record.
His argument that his trial counsel was ineffective is likewise without merit. [Petitioner] was represented by one of the most experienced and well respected criminal attorneys in Brooklyn, Steven Williams. This claim was rejected by the Appellate Division and is no basis for granting the relief demanded by this motion.

See People v. Fernandez, Ind. No. 12082/1997, slip op. at 1 (Sup. Ct. Kings County, April 29, 2003), annexed to habeas petition as Respondent's Exhibit J.

A review of the trial record reveals that counsel did an impressive job representing petitioner. Moreover, there is simply nothing to support petitioner's claim that a psychiatric examination was ever ordered. In addition, petitioner's argument that trial counsel was ineffective for failing to challenge the charges on the grounds of legally insufficient evidence is belied by the trial record. Petitioner's trial counsel zealously represented him and moved to dismiss all the charges. T at 733-734, 741-743. Petitioner has therefore failed to establish that he was denied the effective assistance of trial counsel and this claim should be denied.

### B. Ineffective Assistance of Appellate Counsel

Petitioner argues that appellate counsel failed to raise the following issues: (1) that the court improperly handled the jury deliberations; (2) that the court improperly refused to submit the lesser included offense of Criminal Trespass to the jury; and (3) the court improperly admitted evidence of petitioner's pre-arrest silence and permitted the prosecution's comments on it during summation. Appellate counsel did raise: (1) that the prosecutor's comments violated petitioner's right to a fair trial; and (2) that the jury charge was improper, on direct appeal.

A claim for ineffective assistance of appellate counsel is evaluated under the same

13

standard as is a claim for ineffective assistance of trial counsel. Mayo, 13 F.3d at 533; Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992). A petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and that absent counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful. Smith v. Robbins, 528 U.S. 259, 285 (2000) (applying the Strickland test to appellate counsel's performance); Aparicio v. Artuz, 269 F.3d 78, 95 (2d Cir. 2001); Mayo, 13 F.3d at 533-34.

A petitioner may establish ineffective assistance by showing that appellate counsel failed to raise "significant and obvious issues" on appeal. Kendrick v. Greiner, 296 F.Supp.2d 348, 360 (E.D.N.Y. 2003) (quoting Mayo, 13 F.3d at 533). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith, 528 U.S. at 288 (citing Jones v. Barnes, 463 U.S. 745, 750-54 (1983)); accord, e.g., Sellan v. Kuhlman, 261 F.3d 303, 317 (2d Cir. 2001) ("This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."). Thus, a petitioner may establish constitutionally ineffective assistance only by showing that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo, 13 F.3d at 533; Otero v. Eisenschmidt, No. 01 Civ. 2562, 2004 WL 2504382, at *29 (S.D.N.Y. Nov. 8, 2004).

Furthermore, under § 2254(d)(1), our inquiry is not whether the Appellate Division's rejection of petitioner's ineffective assistance claim was incorrect, but whether, in light of Strickland, it was "objectively unreasonable." Williams, 529 U.S. at 410 ("an *unreasonable*

14

application of federal law is different from an *incorrect* application"). To be "objectively unreasonable," a state court's application of clearly established federal law must involve "[s]ome increment of incorrectness beyond error." Sellan, 261 F.3d at 315 (internal quotation marks omitted); Mosby v. Senkowski, 470 F.3d 515, 519 (2d Cir. 2006).

The question before this Court, therefore, is whether the Appellate Division's denial of petitioner's ineffective assistance of appellate counsel claims was contrary to or an unreasonable application of Federal law. Although petitioner's habeas counsel has highlighted counsel's omission of issues which, under the unusual circumstances of the deliberations in this case, should have caused appellate counsel to consider raising these issues, this Court finds that the state court's denial of plaintiff's ineffective assistance of appellate counsel claims was not contrary to or an unreasonable application of Federal law.

## 1. Failure to Raise Improper Jury Deliberations

Petitioner argues that appellate counsel's failure to raise the trial court's improper handling of jury deliberations by delegating jury instructions to a court officer, by inquiring into the jury deliberations, by not disclosing jury notes to the defense, and by giving a coercive Allen charge, constitutes ineffective assistance of appellate counsel.

On the first day of jury deliberations at approximately 7:00 p.m., the jury sent a note stating that they could not reach a decision. The court instructed the jury to cease deliberations for the evening. T at 704-705. At that time, defense counsel objected on the record that the court officer had improperly communicated with the jury foreman as the jury was leaving the courtroom to return to the jury room. T at 705. Defense counsel argued that "the proper procedure would have be[en] to have them go back to the room and come back with a note for the Court to address . . . as opposed to allowing the court officer to conduct that activity." T at

15

705. The trial judge stated that "[t]he only question [the foreman asked the court officer] is what happens if we can't reach a decision? For the record [the trial judge] told them to put it in the form of a note, and we'll answer that question tomorrow." T at 705-706. The judge then changed his mind and decided to answer the note at that time. T at 706. In response to the note, the judge reminded the jurors that they had only been deliberating a few hours, to rest overnight and that deliberations would resume the next day. T at 707-708.

The next day the jury foreman announced a guilty verdict. T at 717. However, during polling of the jury, Juror Number Nine stated that this was not her verdict. T at 721. The jurors were then sent back to continue deliberations. During further deliberations, Jurors Number Two, Five and Nine, were questioned by the trial judge concerning "jury discord." T at 722-729. Later that day, the court received a note from the jury stating they were deadlocked. T at 730. At that time, the Court delivered an Allen charge. T at 730-733.

Petitioner's claim that appellate counsel was constitutionally ineffective for failing to raise that there was improper contact between jurors and the court officer during deliberations is without merit. Under New York law, court officers are prohibited from speaking with deliberating jurors or allowing other persons to speak with them "[e]xcept when so authorized by the court or when performing administerial duties." See Crim. Proc. Law § 310.10; Belgrave v. Greiner, No. 97 CV 4179, 1999 WL 1007350, at *4 (E.D.N.Y. Aug. 31, 1999).

Here, the record does not support petitioner's claim that there was improper contact between the court officer and the jury. The record shows that the foreman asked the court officer what to do in case of a deadlock. The officer properly conveyed this information to the trial judge, who directed that the question be placed in a note which the trial judge responded to. The court officer did not attempt to convey legal instructions to the jury or to instruct the jurors on

16

their duties and obligations. The court officer properly conveyed the juror's inquiry to the judge. Accordingly, there was no improper delegation of judicial authority and as such, the state court's decision regarding petitioner's ineffective assistance of appellate counsel claim on this issue was not contrary to or an unreasonable application of Federal law.

Next, petitioner asserts that appellate counsel was ineffective for failing to argue that the trial court should have disclosed the two notes from the jury to defense counsel, and that the court's Allen charge was coercive. It is settled law that messages from a jury should be disclosed to counsel and that counsel should be afforded an opportunity to be heard before the trial judge responds. See United States v. Ronder, 639 F.2d 931, 934 (2d Cir. 1981); Pineda v. Miller, No. 03 CV 1344, 2006 WL 2239105, at *18 (E.D.N.Y. Aug. 4, 2006). Specifically, (1) the jury's inquiry should be submitted in writing; (2) before the jury is recalled, the note should be read into the record in the presence of counsel and defendant; (3) counsel should be afforded an opportunity to suggest appropriate responses; and (4) after the jury is recalled, the request should again be read in their presence to assure that it accurately reflects their inquiry and that they all appreciate the question being asked. United States v. Leung, 40 F.3d 577, 584 (2d Cir. 1994) (citing Ronder, 639 F.2d at 934).

Here, the trial court clearly did not follow the procedure set forth in Ronder. However, the trial judge mentioned the two notes in open court, and gave the Allen charge in response to the notes. T at 730. Accordingly, trial counsel had notice of the content of the jury notes. Moreover, defense counsel failed to object to the trial court summarizing the substance of the notes rather than reading them verbatim into the record. Accordingly, appellate counsel's decision not to raise this unpreserved claim does not constitute ineffective assistance. United

States v. Mejia, 356 F.3d 470, 476 (2d Cir. 2004); see also United States v. Adeniji, 31 F.3d 58, 65 (2d Cir. 1994) (holding that non-compliance with the procedure outlined in Ronder does not mandate reversal unless prejudice is shown).

Moreover, it has long been established that when a trial court receives notice that the jury is deadlocked it may give a charge, commonly referred to as an Allen charge, that urges the jurors to continue deliberations in order to reach a verdict. Allen v. United States, 164 U.S. 492 (1896); United States v. Henry, 325 F.3d 93, 106 (2d Cir. 2003); Smalls v. Batista, 191 F.3d 272, 278 (2d Cir. 1999); see also Lowenfield v. Phelps, 484 U.S. 231, 237-238 (1988) ("[t]he continuing validity of this Court's observations in Allen are beyond dispute").

In determining whether an Allen charge was appropriate, a court must "consider the supplemental charge given by the trial court 'in its context and under all the circumstances.' " Lowenfield, 484 U.S. at 237 (quoting Jenkins v. United States, 380 U.S. 445, 446 (1965); Edwards v. Fischer, 414 F.Supp.2d 342, 362 (S.D.N.Y. 2006). Applying this rule, the Second Circuit has held that in the habeas context "[c]oercion may be found when jurors are encouraged to abandon, without any principled reason, doubts that any juror conscientiously holds as to a defendant's guilt" and has "validated the use of an Allen-type charge when the charge is given by the court in an evenhanded, noncoercive manner that it would prefer a unanimous verdict if accomplished without any juror yielding a conscientious conviction which he or she may have." Smalls, 191 F.3d at 279 (citations and quotation marks omitted); see also Spears v. Greiner, 459 F.3d 200, 205 (2d Cir. 2006).

Here, the trial court properly reminded the jury that although the court wants a verdict, "[w]e do not want a verdict at any cost." T at 731. At the same time, the trial court informed the

jurors that they need deliberate only so long as they reasonably believed they could conscientiously reach an agreement. The trial court also instructed the jurors to inform the court when they believed that further deliberations would not be beneficial. T at 732-733. That the trial court reminded the jurors of their oaths and responsibility to deliberate and attempt to render a true verdict does not make the charge coercive.

Moreover, it is clear from the two jury notes that were disclosed that the jury was deadlocked. Accordingly, the trial court's decision to administer an Allen charge was proper. Petitioner argues that the Allen charge was coercive because of the sequence of events that occurred prior to the Allen charge. Specifically, petitioner argues that Juror Number Nine was singled out during jury deliberations. Supplemental Memo of Law at 25. Petitioner argues that when the jury was polled following the initial pronouncement of the verdict, Juror Number Nine stated that this was not her verdict, thereby revealing that she was the holdout juror. T at 721. The trial court then spoke with several jurors, as well as Juror Number Nine, about acrimony in the deliberation process. T at 723-729. The trial court then issued the Allen charge, and approximately two and one-half hours later, the jury returned a guilty verdict. Petitioner argues that "reasonable appellate counsel would have argued from these circumstances that the Allen charge constituted reversible error." Supplemental Memo of Law at 26.

The Second Circuit has held that even on direct review, the fact that the judge has been informed without inquiry that there is a lone dissenter on the jury does not make subsequent delivery of an Allen charge coercive. See United States v. Crispo, 306 F.3d 71, 77 (2d Cir. 2002) (holding that where court knew jury was deadlocked 11 to 1, and the holdout juror revealed her identity in court, "the fact that the judge knew that there was a lone dissenter does not make the charge coercive inasmuch as the nature of the deadlock was disclosed to the Court voluntarily

and without solicitation" (citations and quotation marks omitted)); see also Mejia, 356 F.3d at 477 (that the jury made its division known to the court, without more, is not grounds for a mistrial or a bar to the court's Allen charge); Spragion v. Smith, No. 04 CV 1880, 2005 WL 3535158, at *9 (E.D.N.Y. Dec. 23, 2005).

First, even assuming that Juror Number Nine interpreted the judge's direction to continue to deliberate and to listen to the opinions of her fellow jurors as directed at her, she was also instructed that she should not give up her honest convictions solely for the purpose of reaching a verdict. The judge did not deliver the Allen charge specifically to Juror Number Nine. See Lowenfield, 484 U.S. at 237-238 ("[t]he continuing validity of this Court's observations in Allen are beyond dispute, and they apply with even greater force in a case ··· [in which the charge] does not speak specifically to the minority jurors."); Simpson v. West, No. 05 CV 2279, 2006 WL 1367412, at *7 (E.D.N.Y. May 18, 2006).

Furthermore, the Second Circuit's view is that the length of time a jury takes to reach its verdict should not be determinative as to whether the charge should have been given. See, e.g., United States v. Melendez, 60 F.3d 41, 50-51 (2d Cir. 1995) vacated on other grounds by Colon v. United States, 516 U.S. 1105 (1996); see also Lowenfield, 484 U.S. at 231 (Allen charge upheld in death penalty case where the verdict was reached thirty minutes after the charge was given); United States v. Hynes, 424 F.2d 754, 758 (2d Cir. 1970) (Allen charge upheld where jury reached verdict five minutes after charge was given); Campos v. Portuondo, 193 F.Supp.2d 735, 749 (S.D.N.Y. 2002). Accordingly, the state court's decision denying petitioner's ineffective assistance of counsel claim based on appellate counsel's failure to argue that the Allen charge was reversible error was not contrary to or an unreasonable application of Federal law.

20

## 2. Failure of Appellate Counsel to Raise The Claim of Lesser Included Offenses

Petitioner further alleges that appellate counsel was ineffective for failing to raise the trial court's refusal to charge the jury with the lesser included offense of Criminal Trespass in the Second Degree. In addition, petitioner alleges as a separate claim that the trial court's failure to submit the lesser included offense to the jury denied him a fair trial. Both of these claims should be denied.

After the People rested their case, petitioner's counsel moved to dismiss. T at 536-541. The trial judge denied the motion and ruled that there were issues for the jury to decide. T at 543. Defense counsel then requested that the Court submit Criminal Trespass, as a lesser included offense of Burglary, to the jury, and the court reserved judgment. T at 547-548. The following day, defense counsel renewed his request to dismiss the indictment; the request was denied. T at 552. Before, jury deliberations, defense counsel renewed his request that the lesser included offense of Criminal Trespass be submitted to the jury, at which time the trial judge denied the application. T at 684-685.

New York Criminal Procedure Law § 300.50 requires that the trial court must, if requested by either party, "submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater." N.Y.C.P.L. § 300.50(1), (2); Scott v. Conway, No. 05 Civ. 5688, 2006 WL 1788935, at *7 (S.D.N.Y. June 29, 2006); see also People v. Barney, 99 N.Y.2d 367 (2003); People v. Glover, 57 N.Y.2d 61 (1982).

Burglary in the Second Degree[5] requires intent to commit a crime while on the victim's

---

[5] Under New York law, a person is guilty of burglary in the second degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein. N.Y. Law § 140.25.

property whereas Criminal Trespass in the Second Degree does not require intent.[6] Although

Criminal Trespass in the Second Degree is a lesser included offense of Burglary in the Second

Degree, it need not be charged unless there is a reasonable view that the defendant committed

the lesser charge, but not the greater charge. DeVivo v. Superintendent, Auburn Correctional

Facility, No. 02 CV 0840, 2006 WL 581145, at *12 (N.D.N.Y. Mar. 8, 2006) (citing People v.

Bleau, 276 A.D.2d 131, 132 (3d Dept. 2001)) (Criminal Trespass is a lesser included offense of

Second Degree Burglary).

Here, petitioner asserts that while helping his girlfriend's son move out of a nearby

apartment, he mistakenly walked into the building where the burglary had just occurred while

carrying property belonging to the people he was helping to move. However, the trial record

makes clear that petitioner was carrying property that belonged to Jan Grzyb and his mother

when he encountered Mr. Grzyb. In this case, the Second Degree Burglary charge was consistent

with the evidence. Petitioner fails to demonstrate how a reasonable view of the evidence adduced

at trial would have supported a conviction for the lesser included offense of Criminal Trespass

while at the same time been insufficient to establish his guilt of the crime he was convicted of,

Second Degree Burglary.

Furthermore, "the jury should not be permitted to choose between the crime charged and

some lesser crime where the evidence essential to support a verdict of guilt of the lesser

necessarily proves guilt of the greater crime as well . . . " Caban v. Mitchell, 897 F.Supp. 759,

763 (S.D.N.Y. 1995) (citing People v. Discala, 45 N.Y.2d 38, 43 (1978)). As such, appellate

---

[6] Under New York law, a person is guilty of trespass in the second degree when he knowingly enters or remains unlawfully in a dwelling. N.Y. Penal Law § 140.05.

counsel was not ineffective when he decided not to raise this issue on appeal. See, e.g., Brunson v. Tracy, 378 F.Supp.2d 100, 113 (E.D.N.Y. 2005) ("Since the trial court committed no error, appellate counsel's decision not to argue that the trial court should have charged the jury on the lesser included offense ... cannot have fallen below an objective standard of reasonableness based on prevailing professional norms.") (internal quotations omitted); Perez v. Greiner, No. 01 Civ. 7140, 2003 WL 21203351 at *4 (S.D.N.Y. 2003) (appellate counsel not ineffective for failing to raise issue where state trial court correctly did not charge jury on lesser included offense).

Moreover, failure to charge a lesser-included offense is not a basis for a federal habeas corpus relief as Teague v. Lane, 489 U.S. 288 (1989), bars courts from announcing new rules of constitutional interpretation in habeas corpus cases. Although the Supreme Court has held that due process requires a trial court to submit jury instructions on lesser-included offenses in capital cases, it has not yet decided whether due process requires this type of instruction in a non-capital case. See Beck v. Alabama, 447 U.S. 625, 637-38, n. 14 (1980).

The Second Circuit has specifically declined to extend Beck to non-capital cases on habeas review. Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996) ("Since a decision interpreting the Constitution to require the submission of instructions on lesser-included offenses in non-capital cases would involve the announcement of a new rule, we hold that Teague precludes our consideration of the issue."); see also Bonilla v. Cunningham, No. 04 CV 4860, 2007 WL 13415, at *6 (E.D.N.Y. Jan. 2, 2007) (lesser offense instruction in a non-capital case is not a cognizable claim in a habeas corpus proceeding); Zamora v. Philips, No. 04 CV 4093, 2006 WL 2265079, at *5 (E.D.N.Y. Aug. 8, 2006); Singleton v. Duncan, No. 03 CV 561, 2006 WL 73734, at * 10

(E.D.N.Y. Jan. 10, 2006).

Therefore, the trial court's failure to submit the lesser-included offense of Criminal Trespass, and the state court's decision that appellate counsel was not ineffective for failure to raise this issue on appeal are not contrary to or an unreasonable application of clearly established Federal law.

### 3. Prosecutor's Comments Regarding Petitioner's Pre-Arrest Silence

Petitioner alleges that appellate counsel was ineffective for failing to raise that the trial court improperly allowed the prosecutor to comment on petitioner's pre-arrest silence during direct examination and summation.

The Supreme Court has recognized that prosecutorial misconduct may " 'so infec[t] the trial with unfairness as to make the resulting conviction a denial of due process.' " Greer v. Miller, 483 U.S. 756, 765 (1987) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). To rise to the level of a due process violation, the prosecutor's misconduct must be " 'of sufficient significance to result in the denial of the defendant's right to a fair trial.' " Id. (quoting United States v. Bagley, 473 U.S. 667, 676 (1985) (in turn quoting United States v. Agurs, 427 U.S. 97, 108 (1976))); Boytion v. Phillips, No. 03 CV 1466, 2006 WL 941793, at *7 (E.D.N.Y. April 12, 2006).

On habeas review, a federal court is charged with distinguishing between ordinary trial error and the type of "egregious" misconduct that amounts to a denial of constitutional due process. Floyd v. Meachum, 907 F.2d 347, 353 (2d Cir. 1990) (citing Donnelly, 416 U.S. at 647-48); United States v. Modica, 663 F.2d 1173, 1178-81 (2d Cir. 1981). In determining whether substantial prejudice has occurred, courts should consider: (1) the severity of the misconduct; (2)

the curative measures taken; and (3) the certainty of conviction absent the misconduct. Tankleff v. Senkowski, 135 F.3d 235, 252 (2d Cir. 1998).

Moreover, in order for a prosecutor's comments on summation to warrant habeas relief, the "cumulative effect" of the challenged statements must have been so "inflammatory or egregious" as to "require a finding of substantial prejudice." Bradley v. Meachum, 918 F.2d 338, 343 (2d Cir. 1990) (finding that the prosecutor's improper behavior, limited as it was to the summation, did not permeate the trial, and holding that "[t]he clear evidence of guilt demonstrates that [petitioner] was not prejudiced by the prosecutor's improper remarks") (citations omitted); Pineda v. Miller, No. 03 CV 1344, 2006 WL 2239105, at *19 (E.D.N.Y. Aug. 4, 2006).

On direct examination, Grzyb testified that when he entered his building and saw petitioner, he asked what he was doing there and petitioner did not respond to his question. T at 454. Petitioner argues that since the prosecution failed to show that petitioner heard and understood what Grzyb said to him, the reference to petitioner's pre-arrest silence should have been precluded. See Writ of Error Coram Nobis at 40-42 , annexed as Respondent's Exhibit K. This Court disagrees. Gryzb is a private citizen, not a police officer, who simply asked petitioner what he was doing in the building. Therefore, this exchange does not implicate petitioner's right against self-incrimination.

Moreover, New York courts will admit evidence of a defendant's silence in response to a non-custodial statement when the circumstances are such as to make the failure to respond probative. See People v. Allen, 300 N.Y. 222, 225 (1949); People v. Rhodes, 96 A.D.2d 565, 566 (2d Dept. 1983); Irizarry v. Keane, No. 91 CV 4610, 1992 WL 245982, at *9 (E.D.N.Y. Aug. 31, 1992); United States v. Robinson, 523 F.Supp. 1006, 1011 (E.D.N.Y. 1981) (consideration of

defendant's reaction when cashier declared one of his bills counterfeit was admissible under Fed. R. Evid. 801(d)(2)(B) and raised no constitutional question). Finally, it is up to the jury to determine credibility, weigh the evidence, and draw reasonable inferences from petitioner's behavior. Simmons v. McGinnis, No. 04 Civ. 6150, 2006 WL 3746739, at *11 (S.D.N.Y. Dec. 19, 2006).

Petitioner further alleges that the prosecutor's comments on summation regarding petitioner's silence were improper. Specifically, the prosecutor commented as follows:

THE PROSECUTOR: Look at the way the defendant reacted when he was confronted by [the complainant]. He didn't offer any explanation for being there.

DEFENSE COUNSEL: Objection.

THE COURT: Overruled.

THE PROSECUTOR: He immediately tried to get away and stabbed John with the screwdriver. He reacted like a person who knew he was caught.

T at 631-632.

The admission of petitioner's pre-arrest silence and references to it on summation did not deprive petitioner of due process. Evening assuming *arguendo* that the statements were improper, the statements did not "infect the trial" in such a manner as to deny due process and cause the resulting conviction. Given the evidence of petitioner's guilt adduced at trial, and the court's careful and thorough admonition in its charge that the jurors were to rely on their own assessment of the evidence, it cannot be said that the prosecutor's comments denied petitioner a fair trial.

Moreover, had counsel included these issues on appeal, the result would not have been different. As noted above, errors by counsel must be considered in the "aggregate" rather than in

26

isolation, as the Supreme Court has directed courts "to look at the 'totality of the evidence before the judge or jury.' " Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001) (quoting Strickland, 466 U.S. at 695-96). Since petitioner is unable to demonstrate that appellate counsel's performance "fell below an objective standard of reasonableness," as measured under "prevailing professional norms," or that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," the Appellate Division's rejection of these claims in petitioner's application for a writ of coram nobis was neither contrary to nor an unreasonable application of Federal law. See Strickland, 466 U.S. at 687-89; see also Mullins v. Bennett, No. 06-0733-pr, 2007 WL 1109270, at * 1 (2d Cir. April 13, 2007) (Summary Order) (district court should not substitute "its independent judgment of the state court's application of Strickland"); Eze v. Senkowski, 321 F.3d 110, 112 (2d Cir. 2003) (acknowledging that "the heavy burden of showing ineffective assistance" is "enhanced by the hurdle posed by the highly deferential review accorded state court adjudications under [AEDPA]"). Therefore, petitioner's ineffective assistance of appellate counsel claim should be denied.

## C. Sufficiency of the Evidence

The trial court submitted seven counts to the jury: three counts of Burglary in the Second Degree, Assault in the Second Degree, Criminal Possession of Stolen Property in the Fourth Degree, Criminal Possession of a Weapon in the Fourth Degree and Possession of Burglar Tools. T at 651-674. Petitioner alleges that since he was only convicted on one count of Burglary in the Second Degree he "was not found guilty of all the elements that would warrant a conviction of Burglary in the Second Degree..." Petition at 5, § D.

Petitioner has not exhausted his sufficiency of the evidence claim as presented to this

27

Court. Petitioner's 440 motion raised insufficiency of the evidence as the basis for a claim of ineffective assistance of trial counsel. Specifically, petitioner's 440 motion alleged ineffective assistance of counsel for counsel's failure to move to dismiss the indictment based on insufficiency of the evidence. See 440 motion, annexed to habeas petition Respondent's Exhibit H. In order to exhaust a ground, petitioner must fairly present the same federal constitutional claim that he now urges upon the federal courts to the appropriate state court. Turner v. Artuz, 262 F.3d 118, 123 (2d Cir. 2001). Petitioner did not fairly present the sufficiency of the evidence claim he urges this Court to consider to the state court; it was presented by implication only. However, even if it had been fairly presented, petitioner's claim is without merit.

The Fourteenth Amendment's due process clause "prohibits conviction 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." Einaugler v. Supreme Court, 109 F.3d 836, 839 (2d Cir. 1997) (quoting In re Winship, 397 U.S. 358, 364 (1970)). A petitioner challenging the sufficiency of the evidence in a habeas corpus proceeding "bears a very heavy burden." Fama, 235 F.3d at 811; Murray v. Greene, No. 06 Civ. 3677, 2006 WL 3751294, at *11 (S.D.N.Y. Dec. 21, 2006). Habeas corpus relief must be denied if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979) (emphasis in original); Farrington v. Senkowski, 214 F.3d 237, 240 (2d Cir. 2000).

When considering the sufficiency of the evidence of a state court conviction, "[a] federal court must look to state law to determine the elements of the crime." Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999); Garrett v. Smith, 05 CV 3374, 2006 WL 2265094, at *6

(E.D.N.Y. Aug. 8, 2006). Burglary in the Second Degree under New York Penal Law §

140.25[1](a), provides: "[A] person is guilty of burglary in the second degree when he

knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and

when the building is a dwelling." N.Y. Penal Law § 140.25(2).

The evidence presented at petitioner's trial was overwhelming. Grzyb had locked and left

his apartment and returned fifteen minutes later to find his apartment ransacked and petitioner

inside his building carrying jackets that belonged to him and his mother. At trial, Gryzb

identified two jackets, a long coat and watch as property that had been taken from his apartment.

Petitioner presented two witnesses who testified that he had come to an address on the same

block as the burglary to help his girlfriend's son move. Through these witnesses, petitioner

presented testimony that the alleged stolen property belonged to the estranged wife of the man

petitioner was helping move.

This Court must assume that the jury resolved any factual conflicts "in favor of the

prosecution." Jackson, 443 U.S. at 319. This includes conflicts relating to witnesses' credibility.

See United States v. Allah, 130 F.3d 33, 45 (2d Cir. 1997) (a reviewing court presented with a

sufficiency challenge must view the evidence in the light most favorable to the government and

defer to the jury in assessing witness credibility); Bossett v. Walker, 41 F.3d 825, 830 (2d Cir.

1994) (determining witness credibility is the exclusive responsibility of the jury); United States

v. Roman, 870 F.2d 65, 71 (2d Cir. 1989) ("the proper place for a challenge to a witness's

credibility is 'in cross-examination and in subsequent argument to the jury, not in an appellate

brief'" (quoting United States v. Friedman, 854 F.2d 535, 558 (2d Cir. 1988)).

"Federal habeas courts are not free to reassess the fact specific credibility judgments by

juries or to weigh conflicting testimony. On collateral review, [a federal habeas court] must presume that the jury resolved any questions of credibility in favor of the prosecution." <u>Vera v. Hanslmaier</u>, 928 F.Supp. 278, 284 (S.D.N.Y. 1996) (quoting <u>Anderson v. Senkowski</u>, No. 92 CV 1007, 1992 WL 225576, at *3 (E.D.N.Y. Sept. 3, 1992); <u>see also</u> <u>Huber v. Schriver</u>, 140 F.Supp.2d 265, 277 (E.D.N.Y. 2001); <u>Ortiz v. Artuz</u>, 113 F.Supp.2d 327, 340 (E.D.N.Y. 2000).

In this case, the jury chose to believe the prosecution witnesses' version of events over the version of events testified to by the defense witnesses. <u>See, e.g.</u>, <u>Gruttola v. Hammock</u>, 639 F.2d 922, 928 (2d Cir. 1981) (rejecting insufficiency claim, holding that jury was entitled to believe prosecution witnesses despite inconsistencies in their testimony). Here, despite inconsistencies in the evidence, this Court finds that the evidence supports the jury's verdict finding petitioner guilty beyond a reasonable doubt of all of the elements of Burglary in the Second Degree. <u>Id.</u>; <u>see also</u> <u>Murray v. Greene</u>, No. 06 Civ. 3677, 2006 WL 3751294, *12 (S.D.N.Y. Dec. 21, 2006). Therefore, it is recommended that petitioner's sufficiency of the evidence claim should be denied.

## CONCLUSION

Accordingly, it is recommended that petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied. The state court's decision was not contrary to or an unreasonable application of Federal law.

However, it is recommended that a certificate of appealability should be issued solely on petitioner's ineffective assistance of appellate counsel claim for counsel's failure to raise the trial court's improper handling of jury deliberations. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 475 (2000) (certificate of appealability should issue where "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further")

(quotations omitted); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000) (certificate of appealability should issue "if the issues involved in a petition are debatable among jurists of reason, could be resolved in a different manner, or are adequate to deserve encouragement to proceed further.").

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 (b)(1) and Rule 72 (b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. Any request for an extension of time in which to file objections must be made within the ten (10) days period. Failure to timely file an objection to the Report and Recommendation generally waives any further judicial review. DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000); Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000); see also Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: Brooklyn, New York
      August 24, 2007